**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 95-50104**
**Summary Calendar**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**ALAN DALE PHILLIPS,**

**Defendant-Appellant.**

---

Appeal from the United States District Court
For the Western District of Texas

(CA W 90 100 4 ( CA W  94 293))

---

(August 16, 1995)

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

BACKGROUND

    A jury found Alan Dale Phillips guilty of conspiring to possess with intent to distribute more than 1,000 kilograms of

---

[*]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the Court has determined that this opinion should not be published.

marijuana.  The district court sentenced Phillips to 290 months of imprisonment and five years of supervised release, and ordered him to pay a $5,000 fine.

Phillips's conviction was affirmed.  He filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging (1) that his sentence was based on erroneous information in violation of due process because the district court failed to find that the amount of drugs involved in the offense was within the scope of Phillips's specific agreement with the conspiracy and because there was a mistake in fact as to the government's evidence regarding his minor role in the offense; (2) that the law had changed regarding these allegations since he filed his direct appeal; (3) that he was denied the effective assistance of counsel at sentencing because his lawyer failed to raise certain factual disputes; and (4) that he was entitled to an evidentiary hearing. The district court denied the motion.

<u>OPINION</u>

Phillips argues that the district court erred when it determined his relevant conduct under U.S.S.G. § 1B1.3.  He also argues that the court erred when it denied him an adjustment in his offense level for playing a minor role in the offense.

A defendant who has been convicted and has exhausted his right to appeal is presumed to have been "`fairly and finally convicted'".  **United States v. Shaid**, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc) (citation omitted), <u>cert. denied</u>, 502 U.S. 1076 (1992).  "[A] `collateral challenge may not do service for an

2

appeal.'"  **Id**. at 231 (quoting **United States v. Frady**, 456 U.S. 152, 165 (1982)).  In reviewing the denial of a § 2255 motion, this Court reviews the district court's factual findings for clear error, and questions of law are reviewed de novo.  **United States v. Gipson**, 985 F.2d 212, 214 (5th Cir. 1993).   "Relief under . . . § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  **United States v. Vaughn**, 955 F.2d 367, 368 (5th Cir. 1992).  "A district court's technical application of the Guidelines does not give rise to a constitutional issue."  **Id**.

Phillips seems to argue that he could not have raised his relevant-conduct argument on appeal because § 1B1.3 was subsequently amended to require that the district court determine not only the amount of drugs reasonably foreseeable to a defendant charged in a conspiracy, but also that the amount of drugs fell within the scope of the individual's agreement with the conspiracy. Phillips concedes, however, that this Court has held that amendments to the Guidelines in 1992 did not change the substantive meaning of § 1B1.3.  **Id**. at 15 (citing **United States v. Carrillo-Morales**, 27 F.3d 1054, 1067 & n.18 (5th Cir. 1994), cert. denied, 115 S. Ct. 1163 (1995).  Commentary to amended § 1B1.3 provides that because the scope of the criminal activity of one defendant may not necessarily be the same as the scope of the entire conspiracy, relevant conduct need not be the same for every participant.  **Carrillo-Morales** stated that this provision existed

3

in Application Note One to the 1991 version of § 1B1.3, but was simply phrased differently.  27 F.3d at 1067 & n.18.

Phillips in essence argues that the **Carrillo-Morales** decision was wrong.  One panel of this court, however, cannot reverse another panel.  **Dueringer v. Gen. Amer. Life Ins. Co.**, 853 F.2d 283, 284 n.1 (5th Cir. 1988).  Phillips's argument that his relevant conduct argument could not have been raised on direct appeal is unavailing.

Phillips's challenge to his sentence involves the technical application of the Guidelines, a nonconstitutional issue, and could have been raised on direct appeal.  Neither the relevant conduct argument nor the minor-role argument was raised on direct appeal.  Thus, these claims are not cognizable in a § 2255 motion.  See **Vaughn**, 955 F.2d at 368.

Phillips also argues that the district court erred in not granting him an evidentiary hearing on his § 2255 allegations.  Phillips asked for such a hearing on his motion.

Section 2255 requires that the court conduct a hearing unless the case files and records "conclusively show" that the petitioner is entitled to no relief.  28 U.S.C. § 2255 (1994).  The district court need not hold an evidentiary hearing if the allegations are negated by the record.  See **United States v. Briggs**, 939 F.2d 222, 228 (5th Cir. 1991), cert. denied, 113 S. Ct. 1016 (1993).  This Court reviews a district court's denial of an evidentiary hearing for abuse of discretion.  **United States v. Bartholomew**, 974 F.2d 39, 41 (5th Cir. 1992).

4

Inasmuch as Phillips's claims are not cognizable under § 2255, he is clearly entitled to no relief. Accordingly, the district court did not abuse its discretion when it did not grant an evidentiary hearing.

Counsel for Phillips filed a motion stating that he wants to present a double jeopardy claim to the district court which he did not raise on appeal or in his § 2255 motion. According to Phillips, the "legal justification" for the double jeopardy claim was non-existent when he filed his § 2255 motion. Phillips contends that beginning with the Supreme Court's 1989 decision in **United States v. Halper**, 490 U.S. 435 (1989), through the Court's decision in **Montana Department of Revenue v. Kurth Ranch**, 114 S. Ct. 1937 (1994), double jeopardy protections were expanded. He argues that because **Halper** was decided before his conviction became final, pursuant to **Teague v. Lane**, 489 U.S. 288 (1989), he is not barred from raising the double jeopardy claim. The government filed an opposition to the motion.

This Court will not address issues not considered by the district court. "[I]ssues raised for the first time on appeal are not reviewable by this court unless they involve purely legal questions and failure to consider them would result in manifest injustice." **Varnado v. Lynaugh**, 920 F.2d 320, 321 (5th Cir. 1991). Even if Phillips's double jeopardy claim is purely legal, no miscarriage of justice will occur if this Court refuses to review it. Phillips can present this claim to the district court in a new § 2255 motion. The district court may or may not entertain the new

5

motion in accordance with Rule 9(b) of the Rules Governing § 2255 Motions.

Phillips asks, alternatively, that he be granted a three-week extension to file a reply brief. Counsel states that Phillips is entitled to such an extension because Phillips has not been able to communicate with counsel in a timely manner in order to prepare a reply brief. The court may grant such a motion for "good cause shown" pursuant to Fed. R. App. 26(b). However, Phillips does not present a good reason for seeking the extension of time in which to file his reply brief. The motion is denied.

**AFFIRMED**